# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (NEWPORT NEWS DIVISION)

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>   FOR THE USE AND BENEFIT OF<br>   PRECISION DOORS & HARDWARE, LLC<br>   D/B/A COOK & BOARDMAN<br>3916 Westpoint Blvd.<br>Winston Salem, NC 27103<br><br>   Plaintiff,<br><br>v.<br><br>P. J. POTTER ENTERPRISES, INC.<br>150 W. Washington St., Ste. C<br>Suffolk, VA 23434<br><br>Serve: Registered Agent<br>       Dennis E. Hemmis<br>       150 West Washington St., Ste. C<br>       Suffolk, VA 23434<br><br>AND<br><br>FIDELITY AND DEPOSIT<br>   COMPANY OF MARYLAND<br>1299 Zurich Way<br>Schaumburg, IL 60196<br><br>Serve: Registered Agent<br>       Corporation Service Company<br>       100 Shockoe Slip, Fl. 2<br>       Richmond, VA 23219<br><br>AND<br><br>DENNIS E. HEMMIS<br>616 Daniels Road<br>Corapeake, NC 27926<br><br>   Defendant(s). | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Case No.<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

COMPLAINT - 1

## COMPLAINT

COMES NOW the Plaintiff The United States of America, for the use and benefit of Precision Doors & Hardware, LLC d/b/a Cook & Boardman ("Precision"), by and through counsel Shawn C. Whittaker and Whittaker|Myers, PC, and submits this Complaint against the Defendants P. J. Potter Enterprises, Inc. ("Potter"), Fidelity and Deposit Company of Maryland ("Fidelity"), and Dennis E. Hemmis ("Hemmis"), and in support thereof states as follows:

## PARTIES AND JURISDICTION

1. Precision is a Delaware limited liability company with a principal place of business at 3916 Westpoint Blvd., Winston Salem, NC 27103. Precision is a material supplier.

2. Potter is a Virginia corporation with a principal place of business at 150 W. Washington St., Ste. C, Suffolk, VA 23434. Potter is a construction contractor.

3. Fidelity is a surety company with a principal place of business at 1299 Zurich Way, Schaumburg, IL 60196.

4. Hemmis is a North Carolina resident and resides at 616 Daniels Road, Corapeake, NC 27926.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 3133.

## FACTS

6. Precision incorporates the preceding allegations as if fully stated herein and further states the following:

7. On or about July 8, 2015, Potter executed a Credit Application to purchase materials from Precision. *See Agreement attached as Ex. 1.*

COMPLAINT - 2

WHITTAKER|MYERS, PC
1010 Rockville Pike-Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
www.whittakermyers.com

8. In connection with the Credit Agreement, Hemmis executed a Personal Guaranty guaranteeing all amounts owed by Potter to Precision under the Credit Application. *See Ex. 1.*

9. The Credit Application entitles Precision to interest at the rate of 1 and ½% per month (18% per annum) on any amounts unpaid within 30 days. *See Ex. 1.*

10. Additionally, the Credit Application entitles Precision to recover "costs of collection, including reasonable attorneys' fees." *See Ex. 1.*

11. On or about March 6, 2017, Potter entered into a contract with the United States of America for construction work known generally as the Demolition of Building 115 and Construction of Clinical Building 113 at the VA Medical Center located at 100 Emancipation Drive, Hampton, VA 23667 ("Project").

12. On or about April 6, 2017, Potter, with Fidelity as surety, provided a Payment Bond on the Project for the protection of all persons supplying labor and materials to the Project. *See Payment Bond attached as Ex. 2.*

13. On or before March 16, 2017, Potter subcontracted a portion of the Project, including doors and framing, to Heartland Construction, Inc. ("Heartland").

14. On or about March 16, 2017, Heartland issued a Purchase Order to Precision to supply materials for doors and framing to the Project. *See Purchase Order attached as Ex. 3.*

15. Pursuant to Heartland's requests and the Purchase Order, Precision supplied materials to the Project.

16. Precision first supplied materials to the Project on October 19, 2017.

17. On or about July 8, 2019, Heartland ceased working on the Project. *See Arbitration Order attached as Ex. 4.*

COMPLAINT - 3

WHITTAKER|MYERS, PC
1010 Rockville Pike-Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
www.whittakermyers.com

18. Heartland initiated arbitration against Potter regarding termination of its contract. *See Ex. 4.*

19. On or about July 22, 2019, the Arbitrator issued an order terminating Heartland on the Project and reciting Potter's right under the contract to "assume transfer or take-over all subcontracts, rental agreements, and material purchase orders for the Project that are held or issued by Heartland." *See Ex. 4 at p. 2, ¶¶ A-B.*

20. Following Heartland's termination on the Project, Potter continued to order materials directly from Precision.

21. Between January 10, 2020 and June 29, 2020, Precision supplied materials to the Project to Potter at Potter's request. *See Statement and Invoices attached as Ex. 5.*

22. The total value of the materials Precision supplied to Potter and the Project for which Precision has not been paid is $63,635.37. *See Ex. 5.*

23. On August 20, 2020, Precision sent a Notice of Payment Bond Claim to Potter and Fidelity. *See Notice attached as Ex. 6.*

24. On August 25 and August 27, 2020, Fidelity and Potter, respectively, received Precision's Notice. *See USPS Receipts attached as Ex. 7.*

25. Despite demand, Precision has not received payment of the amount due and owing for the materials supplied to the Project.

**COUNT I**
**ACTION ON PAYMENT BOND**
**(AS TO POTTER AND FIDELITY)**

26. Precision incorporates the preceding allegations as if fully set forth herein and further states the following:

COMPLAINT - 4

WHITTAKER|MYERS, PC
1010 Rockville Pike-Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
www.whittakermyers.com

27. Potter executed a payment bond with Fidelity as surety for the protection of all persons who supplied labor and materials to the Project.

28. Following Heartland's termination on the Project, Precision contracted directly with Potter, the bond principal, on the Project.

29. Precision directly supplied materials to Potter pursuant to Potter's requests.

30. Precision was not paid $63,635.37 for the materials it provided to Potter for the Project.

31. Despite demand, Precision has not received payment for the materials it supplied to Potter for the Project.

32. Precision is bringing this action within one year of its last performance to collect monies owing to Precision for materials provided to the Project.

33. All conditions precedent to Precision's claim under the payment bond have been met.

34. The underlying contract between Potter and Precision entitles Precision to recover interest at the rate of 18% per annum and reasonable attorneys' fees.

WHEREFORE, the Plaintiff The United States of America, for the use and benefit of Precision Doors & Hardware, LLC prays for judgment against Defendants P. J. Potter Enterprises, Inc. and Fidelity and Deposit Company of Maryland, jointly and severally, for:

    a.    A principal amount of $63,635.37;

    b.    Pre-judgment and post-judgment interest at the contractual rate of 18% per annum;

    c.    Reasonable attorneys' fees;

    d.    Costs of this action; and

    e.    For such other and further relief as the Court may deem just and proper.

COMPLAINT - 5

WHITTAKER|MYERS, PC
1010 Rockville Pike-Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
www.whittakermyers.com

## COUNT II – BREACH OF CONTACT
## (AS TO POTTER, FIDELITY, AND HEMMIS)

35. Precision incorporates the preceding paragraphs as if fully stated herein and further states the following:

36. Precision and Potter had a valid and binding contractual agreement.

37. Precision performed in full pursuant to the parties' contract.

38. Potter materially breached the parties' contract by failing to timely pay Precision.

39. Despite demand for payment, Potter did not remit payment to Precision.

40. The total amount currently due and owing to Precision from Potter is $63,635.37.

41. Pursuant to the Credit Application, Potter agreed to be responsible for interest of 18% per annum on all unpaid amounts and reasonable attorneys' fees. *See Ex. 1*.

42. Pursuant to the Personal Guaranty, Hemmis personally guaranteed all amounts owed by Potter to Precision under the Credit Application. *See Ex. 1 at p. 3*.

WHEREFORE, the Plaintiff The United States of America, for the use and benefit of Precision Doors & Hardware, LLC prays for judgment against Defendants P. J. Potter Enterprises, Inc., Dennis E. Hemmis, and Fidelity and Deposit Company of Maryland, jointly and severally, for:

a. A principal amount of $63,635.37;

b. Pre-judgment and post-judgment interest at the contractual rate of 18.0% per annum until paid;

c. Reasonable attorneys' fees;

d. Costs of this action; and

e. For such other and further relief as the Court may deem just and proper.

COMPLAINT - 6

WHITTAKER|MYERS, PC
1010 Rockville Pike-Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
www.whittakermyers.com

## COUNT III
## QUANTUM MERUIT/UNJUST ENRICHMENT
## (AS TO POTTER AND FIDELITY)

43. Precision incorporates the preceding allegations contained in paragraphs 1-5 as if fully set forth herein and further states the following:

44. In the alternative to the relief sought in Count II above, and in the event that the Court does not find an express contract between Precision and Potter, Precision provided materials to Potter on the Project pursuant to Potter's requests.

45. Precision conferred a benefit upon Potter by virtue of the materials Precision provided to Potter.

46. Potter knew of the benefit and should reasonably have expected to pay for the materials furnished by Precision to Potter.

47. Potter accepted the benefit of the materials provided by Precision, without paying their reasonable value.

48. Potter has, and had at all times pertinent hereto, an appreciation and/or knowledge of the benefit conferred by Precision and accepted or retained the benefit of Precision's materials without paying the reasonable value of said materials.

49. The reasonable value of the e materials Precision provided to Potter for which Precision has not been paid is an amount in excess of $63,635.37.

50. Despite demand by Precision, Potter has failed and refused to pay Precision the remaining balance of $63,635.37 to compensate Precision for the value of the materials Precision provided to Potter.

51. As a result of Potter's refusal to remit payment, Precision has been damaged in an amount in excess of $63,635.37.

COMPLAINT - 7

WHITTAKER|MYERS, PC
1010 Rockville Pike-Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
www.whittakermyers.com

52. If Potter fails to pay Precision, Potter would be unjustly enriched by $63,635.37.

WHEREFORE, the Plaintiff The United States of America, for the use and benefit of Precision Doors & Hardware, LLC prays for judgment against Defendants P. J. Potter Enterprises, Inc. and Fidelity and Deposit Company of Maryland, jointly and severally, for:

a. A principal amount of $63,635.37;

b. Post-judgment interest at the legal rate;

c. Costs of this action; and

d. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Shawn C. Whittaker
Shawn C. Whittaker, Esq. (Va. Bar No. 44653)
*Attorney for Plaintiff The United States of America, for the Use and Benefit of Precision Doors & Hardware, LLC*
Whittaker|Myers, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Phone: (301) 838-4502
Fax: (301) 838-4505
shawn@whittakermyers.com

COMPLAINT - 8

WHITTAKER|MYERS, PC
1010 Rockville Pike-Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
www.whittakermyers.com